Christopher R. Kinkade, Esq.
Perla M. Kuhn, Esq.
Philip Z. Langer, Esq.
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
Telephone: 212-878-7900
Facsimile: 212-692-0940
*Attorneys for Plaintiff Principality of Monaco*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| PRINCIPALITY OF MONACO, | Civil Action No.: 20-3188 |
| Plaintiff, | |
| - against - | |
| | **COMPLAINT** |
| BERG AND DUFFY, LLP, and JAMES P. DUFFY, III, | |
| Defendants. | |

-----------------------------------------------------------X

Plaintiff Principality of Monaco ("Plaintiff"), by and through its attorneys, Fox Rothschild LLP, bring this action against defendants Berg and Duffy, LLP ("B & D") and James P. Duffy III ("Duffy") (collectively, "Defendants") and state and allege as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff, the Principality of Monaco, is a country located in southwestern Europe. Plaintiff brings this action against Defendants because Plaintiff has learned that Defendants have been providing patently false advertising information on their website, www.bergduffy.com, directly related to and concerning the Principality of Monaco, causing harm to Plaintiff.

2.      This website is being used as a tool to further Defendants' illegal practice of law in Monaco and poses a risk to consumers and clients, both in Monaco and elsewhere.  The representations on the website could lead the public to believe that Plaintiff assisted in or is

1

compliant with Defendants' unauthorized activities, which is wholly false.  Further, Defendants' representations and activities pose the risk of bringing unfair competition against legitimate Monegasque law firms and financial institutions that are actually authorized to practice in the Principality due to their compliance with strict legal regulations.  The Principality of Monaco's strong financial reputation marks it as a prime target for misleading and deceptive behaviors such as those that Defendants are engaging in.

3.       Accordingly, Plaintiff seeks an Order of this Court directing Defendants to remove all false statements concerning the Principality of Monaco from their website immediately.  In the alternative, Plaintiff seeks injunctive relief directing Defendants to shut down the offending website, www.bergduffy.com, in its entirety.

## JURISDICTION AND VENUE

4.       Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under U.S.C. Title 15, Chapter 22  ("Lanham Act"), and involves Defendant's false advertising practices under 15 U.S.C. § 1125(a).  This Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act pursuant to 28 U.S.C. § 1367(a), as these claims are related to claims within the Court's original jurisdiction.

5.       This Court has personal jurisdiction over Defendants because Defendants (1) have sufficient minimum contacts with the forum, and (2) the exercise of jurisdiction is reasonable and does not offend traditional notions of fair play and substantial justice.

6.       Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE PARTIES

7.       Plaintiff, the Principality of Monaco, is a sovereign country located in southwestern Europe.

8.      Defendant Berg and Duffy, LLP ("B & D") was a limited liability partnership that was once organized and existing under the laws of New York. Its entity status was revoked on September 26, 2001.  *See* **Exhibit A**.  According to Berg and Duffy, LLP's website, its "original" and "principal" address is at 380 Madison Avenue, 22nd Floor, New York, New York 10017.

9.      Defendant James P. Duffy III is an individual with last known addresses of 10 Pheasant Run, Roslyn, New York 11576 and 36 Maple Place, Manhasset, New York 11030.

## FACTS COMMON TO ALL CLAIMS

**Berg and Duffy LLP's False Statements and Advertising**

10.     Defendant B & D, a now defunct limited liability partnership, has a website hosted at www.bergduffy.com (the "Website").  *See* **Exhibit B**.

11.     Defendant Duffy is the individual registrant in connection with the Website, which GoDaddy.com, LLC hosts.  *See* **Exhibit C.**

12.     The Website, upon information and belief, serves, or used to serve, as B & D's method of online adverting for its provision of legal and other services.

13.     The Website is still fully functional and active, despite B & D's now-defunct entity status with the New York Department of State.

14.     The Website states that B & D has a "principal office" located in the Principality of Monaco since 1986 when "James P. Duffy, III, obtained permission from the Monaco government to conduct an international and American legal practice there. The firm is the exclusive Lex Mundi and TAGLaw member firm for Monaco."  *See* **Exhibit D**.  This statement on the website is literally false and materially misleading.

15.     The Website states that "B&D is the exclusive member firm for the Principality of Monaco of Lex Mundi, the world's leading association of independent law firms."  *See* **Exhibit B**.  This statement on the website is literally false and materially misleading.

16.     The Website states that "[t]he Firm is also the exclusive member firm for the Principality of Monaco of TAGLaw, a worldwide network of prominent, high-quality law firms." *Id.* This statement on the website is literally false and materially misleading.

17.     The Website states that B & D's "Monaco office business services include: Banking, securities, and financial transactions[,] Corporate and commercial transactions," amongst several other purported services. *See* **Exhibit E**. This statement on the website is literally false and materially misleading.

18.     Under Monegasque legislation, certain legal, financial and/or banking advice services are strictly regulated and operation of an office in Monaco requires approval. *See, e.g.*, Act 1.338 of 7 September 2007, Sanction by the Sovereign Prince of Monaco; Sovereign Order 1.284 of 10 September 2007 (requiring a license from the Financial Activities Supervisory Commission in order to engage in certain fund management activities); *see also* Act 1.047 of 28 July 1982; Implementing Ordinance No. 8.089 of 17 September 1984 (requiring both local and foreign lawyers to obtain authorization to practice law in the Principality).

19.     Upon information and belief, Plaintiff has never authorized or given permission to Defendants to operate an office or provide legal or other services in Monaco.

20.     Upon information and belief, Plaintiff has never chosen, authorized, or appointed B & D as the Principality of Monaco's member firm of LexMundi.

21.     Upon information and belief, Plaintiff has never chosen, authorized, or appointed B & D as the Principality of Monaco's member firm of TAGLaw.

22.     Upon information and belief, any and all services that B & D is proffering in Monaco is being proffered on an unauthorized basis and in violation of law.

**Mr. James P. Duffy III's Authority to Practice Law**

23.     Upon information and belief, Defendant Duffy is not authorized to practice law in the State of New York.

24.     Defendant Duffy's license to practice law in the State of New York was revoked in April of 2014.  *See* **Exhibit F**.

25.     Upon information and belief, Defendant Duffy is not authorized to practice law in the Principality of Monaco.

**Plaintiff's Demand Letter to Defendants**

26.     Based on the above several false representations made on the B & D Website involving and in connection with Plaintiff, Plaintiff sent a cease and desist letter to Defendants on November 20, 2017 via mail and email to B & D's United States and Monaco offices.  *See* **Exhibit G**.

27.     To date, Defendants have failed to provide a response to any of Plaintiff's demands, including the cease and desist letter.

## CAUSES OF ACTION

## COUNT I: FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

28.     Plaintiff repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     Defendants' acts, as described herein, constitute patently false and misleading representations of fact and misleading descriptions of fact in connection with Defendants' provision of services in violation of 15 U.S.C. § 1125(a).

30.     Defendants' acts, as described herein, are likely to cause confusion, cause mistake or deceive as to Defendants' affiliation, connection, or association with Plaintiff in violation of 15 U.S.C. § 1125(a).

31.     Defendants' acts, as described herein, are likely to cause confusion, cause mistake or deceive as to the origin, sponsorship, or approval of Defendants' services in violation of 15 U.S.C. § 1125(a).

32.     Upon information and belief, Defendants' acts, as described herein, are causing or are likely to cause damage and reputational harm to Plaintiff.

33.     Defendants' acts, as described herein, may lead the public to believe that the Principality of Monaco is approving of, or an accomplice to, Defendants' unauthorized practices.

34.     The Principality of Monaco, with a strong reputation for its financial stability and wealth, is a prime target for Defendants' misleading and unauthorized acts and practices.

35.     Defendants' acts, as described herein, may create unfair competition for Monegasque-based law firms and financial institutions that are subject to strict regulations in order to lawfully operate in the Principality.

36.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants.

37.     Upon information and belief, Defendants' acts were committed willfully and in bad faith.

38.     Upon information and belief, Defendants' lack of any good faith basis for its website assertions makes its claims objectively unreasonable to the extent that this case is "exceptional" under the Lanham Act.

## COUNT II: DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK STATE LAW

39.     Plaintiff repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

40.     Defendants' acts, as described herein, constitute unlawful deceptive acts and practices in violation of New York General Business Law §§ 349-350.

41.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor as follows:

1.     Immediately and permanently enjoin Defendants, their agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendants from:

    (a)     representing on www.bergduffy.com, or anywhere else, that Defendants have an office in Monaco;

    (b)     representing on www.bergduffy.com, or anywhere else, that Defendants received permission from Monaco to conduct an international practice in Monaco;

    (c)     representing on www.bergduffy.com, or anywhere else, that Defendants are the exclusive member firm for the Principality of Monaco of Lex Mundi;

    (d)     representing on www.bergduffy.com, or anywhere else, that Defendants are the exclusive member firm for the Principality of Monaco of TAGLaw;

    (e)     continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

    (f)     representing or implying in any manner that Defendants are in any way affiliated with, authorized by, licensed by, or represent the Principality of Monaco in connection with legal matters; and,

    (g)     making any other false or materially misleading assertions of fact in any commercial advertising relating to any relationship with the Principality of Monaco.

2.     In the alternative, order Defendants to immediately and permanently shut down the offending Website, www.bergduffy.com in its entirety.

3.     In the alternative, order the host of www.bergduffy.com, GoDaddy.com, LLC, to shut down www.bergduffy.com in its entirety.

4.      Award Plaintiff its actual damages incurred as a result of Defendants' unlawful acts complained of herein.

5.      Award Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and investigative expenses under 15 U.S.C. § 1117.

5.      Award Plaintiff such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all triable issues contained in the Complaint.

Dated: New York, New York
     April 22, 2020

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:    /s/ Christopher Kinkade
        Christopher R. Kinkade, Esq.
        Perla M. Kuhn, Esq.
        Philip Z. Langer, Esq.
        101 Park Avenue, 17th Floor
        New York, New York 10178
        Telephone: 212-878-7900
        Facsimile: 212-692-0940
        *Attorneys for Plaintiff Principality of Monaco*